# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0217V

|  |  |
|---|---|
| JOHN MORGAN,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 2, 2023 |

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ , for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On January 7, 2021, John Morgan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact injury, after receiving the influenza ("flu") vaccine on January 10, 2020. Petition at 1, ¶¶ 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 28, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On October 2, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,957.66,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

representing compensation in the amounts of $95,000.00 for pain and suffering and $957.66 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $95,957.66, representing compensation in the amounts of $95,000.00 for pain and suffering and $957.66 for actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN MORGAN,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 21-217V **(ECF)**<br>Chief Special Master Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 7, 2021, John Morgan ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine that he received on January 10, 2020. ECF No. 1 at 1-3. On June 14, 2022, petitioner filed an amended petition for compensation. ECF No. 28. The amended petition provided an expanded set of facts based on petitioner's medical records, but it did not contain any changes to the legal allegations made in this case. *See id.* On July 28, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report indicating that this case was appropriate for compensation under the terms of the Vaccine Act for a SIRVA Table Injury. ECF No. 41. Also on July 28, 2023, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to compensation. ECF No. 42.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $95,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses pertaining to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $957.66. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $95,957.66, in the form of a check payable to petitioner.

## III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, John Morgan:    **$95,957.66**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                            Respectfully submitted,

                            BRIAN M. BOYNTON
                            Principal Deputy Assistant Attorney General

                            C. SALVATORE D'ALESSIO
                            Director
                            Torts Branch, Civil Division

                            HEATHER L. PEARLMAN
                            Deputy Director
                            Torts Branch, Civil Division

                            TRACI R. PATTON
                            Assistant Director
                            Torts Branch, Civil Division

                            */s/ Benjamin P. Warder*
                            BENJAMIN P. WARDER
                            Trial Attorney
                            Torts Branch, Civil Division
                            U.S. Department of Justice
                            P.O. Box 146, Ben Franklin Station
                            Washington, DC 20044-0146
                            Telephone: (202) 532-5464
                            Email: Benjamin.P.Warder@usdoj.gov

DATE: October 2, 2023